(iii) Awarding money damages as set forth in each cause of action for Plaintiff's loss of reputation in an amount to be proven at trial.

(iv) Awarding costs and attorneys' fees and such other relief as this Court deems just and equitable.

Dated: New York, New York
May 15, 2007

LAW OFFICES OF DONALD WATNICK

By: _____
Donald E. Watnick (DW 6019)
292 Madison Avenue – 17th Floor
New York, New York 10017
(212) 213-6886
*Attorneys for Plaintiff*
Christian Augustin von Hassell *a/k/a*
*Agostino von Hassell*

**Of Counsel:**

Edward F. Maluf (EM 6884)
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
(212) 705-7000

13

EXHIBIT A



# MILITARY HIGH LIFE
## ELEGANT FOOD HISTORIES AND RECIPES

Created by Agostino von Hassell
Herm Dillon & Leslie Jean-Bart
Introduction by John Besh

EXHIBIT B

# University Press of the South

## PUBLISHING AGREEMENT

Made this day of May 8, 2006
By and between Mr. Agostino von Hassel,
The Repton Group LLC, 26th Floor, New York, NY 10022
hereinafter referred to as the "author" (in the case of multiple authorship the word "author" is used collectively) and
UNIVERSITY PRESS OF THE SOUTH, Inc.
5500, Prytania Steet, PMB 421
New Orleans, LA 70115   USA

hereinafter referred to as the "publisher."
The parties do agree as follows:

I) Subject of the Publishing Agreement
1.1 The Subject of the Publishing Agreement is a work written by the author with the following title:

Military High Life. Elegant Food Histories and Recipes.

hereinafter referred to as the "work." In the event either the publisher or the author wishes to retitle the work after this Publishing Agreement is signed, the new title shall be selected by consultation by the two parties.
1.2 The work shall appear in the Series:

Cooking Culture Series.

In the event the work is assigned to a different series after this Publishing Agreement is signed, the new series shall be selected by consultation by the two parties.

II) Rights to the Work
2.1 The author represents and warrants that he or she is the sole author and sole proprietor of all rights in and to the work, that the work is original and is not in the public domain; that it has not previously been published; that it does not violate or infringe any copyright, whether law or statutory, and contains nothing libelous or otherwise contrary to law; and that he or she has full power to enter into this Publishing Agreement.
2.2 The author shall indemnify and hold harmless the publisher and those to whom the publisher may license or grant rights hereunder and any seller of the work against any and all loses, damages, liability, and expenses, including attorney's fees, that the publisher may incur in the event any suit, claim, demand, action or proceeding is asserted or instituted against the work, the publisher, a licensee or grantee of the publisher or any seller of the work. If any suit, claim, demand, action, or proceeding is instituted, the publisher shall promptly notify the author, who shall fully cooperate in the defense thereof. The publisher may withhold payments of any and all royalties that might otherwise be due to the author under this or any other agreement between the parties until such time as the suit, claim, demand, action or proceeding is settled, withdrawn or finally resolved. The publisher shall have the right to select counsel in all such suits, claims, demands, actions or proceedings.
2.3 The author hereby grants and assigns to the publisher the following rights in and to the work during the full terms of copyright and all renewals and extensions thereof, under the present or future laws of the United States, all other countries throughout the world and all international copyright conventions:
- The sole and exclusive right to: a) print, publish and sell the work or cause the same to be printed, published and sold in book form in English throughout the world; and b) all subsidiary rights to the work or any part thereof now existing or hereafter invented or created and the right to grant these rights to third parties, in English throughout the world without limitation.
The author specifically authorizes the publisher to copyright throughout the world in the name of the publisher the work or any revision or other edition thereof in English. The publisher shall have the right to renew such copyrights if the publisher deems it advisable. However, the actual copyright shall be held by Agostino von Hassell and this shall so be reflected on the copyright page.
2.4 The publisher has the exclusive, unlimited right to license or to permit others to publish, reproduce or provide the work in whole or in part and in any and all forms, formats, systems and materials. These rights shall include book club, paperback, translation, abridgement, adaptation, foreign editions, selections, motion picture, film, television, broadcasting, audio and video reproducing and recording systems, microfilm, large-type editions, Braille, and computer systems now known or hereafter invented.
2.5 The rights detailed in 2.4 shall be subject to the same royalty sharing agreement as spelled out in Section VIII.

III) Permissions
If the author incorporates in the work any illustrative or copyrighted material, he or she shall procure, at his or her own expense, written permission to reprint the illustrations or copyrighted material in all editions of the work and for all uses of the work covered by this agreement. The author shall deliver such permissions to the publisher at the time of delivery of the final manuscript.

## PUBLISHING AGREEMENT

Page 2

### IV) The Manuscript and Publication

4.1 On or before July 1st, 2006, the final manuscript of the work shall be delivered to the publisher either ready for reproduction by photo-offset ("camera-ready") or copy-edited and ready to be typeset, together with any permissions required pursuant to Clause III. The method of composition shall be agreed upon by the parties and shall be inserted in Clause 5.1 below. Publisher and author shall make every attempt to complete the pre-production of this work to allow shipment to the printer as early as possible to meet the fall 2006 holiday selling season. Publisher is aware that the work is at this time essentially camera ready yet still subject to revisions as required by the publisher.

If the author does not submit the manuscript by the above date, the author must ask the publisher for an extension to a date which shall be agreed upon by the parties. If the author does not submit the manuscript by the new date, the publisher may at its discretion grant the author a second extension or terminate this agreement by giving written notice, whereupon the author shall repay forthwith any and all monies advanced by the publisher. In the event the agreement is terminated, the publisher shall not be obligated to return to the author any monies paid to the publisher upon the signing of the agreement.

The author further agrees to supply promptly, at his or her own expense, all photographs, drawings, charts, indexes, or other material mutually agreed upon as necessary to the completion of the manuscript. If the author fails to do so, the publisher shall have the right to supply such material and charge the cost to the author.

4.2 In the event the author delivers the manuscript to the publisher by mail, the author shall send the manuscript by registered or certified mail or use a form of delivery which will ensure receipt by the publisher.

4.3 The author shall retain a duplicate copy of the manuscript which is delivered to the publisher.

4.4 The final manuscript shall be subject to approval by the publisher. If the manuscript is unacceptable, the author shall make revisions as requested by the publisher. In the event the revised manuscript is unacceptable, the publisher may terminate this Publishing Agreement by giving written notice, whereupon, the author shall repay forthwith any and all monies advanced by the publisher and may then submit the work to others.

It is understood and agreed that no duty shall devolve upon the publisher under this agreement until such time as the manuscript has been completed and edited to the satisfaction of the publisher. In no event shall the publisher be obligated to publish a work which in the judgment of its attorneys may lead to legal liability. In the event the author fails to make the work publishable within forty-five (45) days after notice from the publisher, the author shall repay forthwith all monies advanced by the publisher and the agreement shall be deemed terminated. In the event the agreement is terminated pursuant to this clause, the publisher shall not be obligated to return to the author any monies paid to the publisher upon signing.

4.5 The publisher shall arrange for copies of the work to be ready not later than six months after the author delivers the final manuscript. Any change in the date specified in Clause 4.1 for delivery of the final manuscript by the author shall delay the publication date. The publisher shall not be responsible for unforeseen delays resulting from strikes, Acts of God or other causes beyond its control or from the author's failure to deliver the final manuscript within the period of time mutually agreed upon.

### V) Production

5.1 Method of composition: Camera-ready

5.2 If the author agrees to deliver a camera-ready manuscript, the technical quality and accuracy of the final manuscript shall conform to the guidelines supplied by the publisher. If the camera-ready manuscript delivered by the author contains typographical or format errors, the publisher shall return the manuscript to the author who shall make the necessary corrections at his or her own expense and return the manuscript to the publisher by a date mutually agreed upon.

5.3 If Clause 5.1 provides that the publisher will compose the manuscript, the author agrees to read and correct the proofs of the work and return them to the publisher within a period of time mutually agreed upon. Any author's alterations shall be charged to the author.

5.4 If the work contains illustrations or other artwork, the author shall pay for and deliver promptly any screened film or color separations, along with camera-ready mechanicals for positioning within the work. If the author fails to supply the artwork promptly or in the necessary form, the publisher shall have the right to supply it and charge the cost to the author.

5.5 If the final manuscript is camera-ready, the publisher shall begin directly to prepare the manuscript for printing. If the manuscript is to be composed by the publisher, the author and the publisher shall agree to the financial arrangements for composition before the publisher begins to prepare the manuscript for printing.

5.6 The publisher and the author agree that the manuscript will be printed in Hong-Kong and the cost of printing be covered by the author. Printed copies will be shipped by the printer to the publisher at author's cost.

5.7 When the work is first printed, the following free copies shall be made available by the publisher:

- 130 copies for the author.

5.7 The author may purchase additional copies of the work for personal use at the actual shipping and handling costs of the of the publisher. Such copies shall not be for resale unless expressly provided in this Publishing Agreement.

5.8 The work shall be sold at a price which shall be determined by the publisher.

5.10 The author shall receive 25 copies of any subsequent printings.

### VI) Promotion

The publisher shall promote the work in the style and manner which in its sole judgment is best suited to its sale. The publisher and any licensees or assigns of the publisher shall have the right to use the name, image, likeness and biography of the author in advertising and publicity. Publisher recognizes that the author will underwrite promotion activities as agreed upon jointly between the publisher and the author. Publisher shall work with the author in an equitable manner international distribution of the work abroad and in the English edition.

PUBLISHING AGREEMENT                                                       Page 3

### VII) Revised Editions

The publisher, after consultation with the author, shall have the sole discretion to decide that a revision of the work is desirable. At the publisher's request, the author agrees to deliver final copy for a revised edition satisfactory to the publisher in content and form by a date which shall be mutually agreed upon by the parties. If the author is unable to undertake the revision or is deceased, the publisher may arrange for the preparation of a revised edition. The compensation paid to the reviser (s) shall be charged against any sums accruing to the author on the sale of the revised edition. The publisher shall have the sole discretion to use the name of the author and/or reviser (s) on any revised edition of the work.

### VIII) Royalties

10.1 The author shall receive royalties on copies of the work sold by the publisher.
10.2 The publisher shall pay a royalty of fifty percent (50%) of its net cash receipts from its sale of the work beginning with copy 1. Royalties shall be paid bi-annually in the third week of February and the third week of July for the prior six month sales period. In order to receive royalties, the author agrees to notify the publisher of any change of address.
10.3 For copies of the work sold outside the United States through distributors, the publisher shall pay the author a royalty of fifty percent (50%) based on the amount credited to the publisher as a result of the sale.
10.4 For all other copies of the work sold outside the United States and/or sold at discounts from the publisher's stated list price of more than fifty percent (50%), the author shall be paid a royalty of fifty percent (50%) of the net cash received.
10.5 Royalties shall not be paid on sales made to the author, or on copies used for promotional purposes.
10.6 The author shall be paid by check in U.S. dollars, unless otherwise specified in this Publishing Agreement.
10.7 Publisher shall, upon request, allow the author or his representative to inspect sales records.
10.8 Publisher shall provide in a timely manner sales reports to the author. Such reports shall be prepared and sent ever two months and shall detail all relevant sales information (sales, returns etc.).

### IX) Subsidiary Rights

11.1 The publisher and the author shall share the exclusive right to all subsidiary rights to the work now existing or hereafter invented or created. The publisher alone may make arrangements with respect to these rights both on its own behalf and on behalf of the author. The net receipts from the sale or other disposition of subsidiary rights shall be divided equally between the publisher and the author.

### X) Overstock Copies

If after four (4) years after publication date a substantial number of unsold copies remain in stock, the publisher shall have the right to clear its inventory of the work. The publisher shall notify the author and the author shall have the right to buy copies at a reduced price which shall be negotiated.

### XI) Termination

If after five (5) years after publication date the work is out of print and within nine (9) months after written demand by the author the publisher does not bring out a new printing, this Publishing Agreement shall terminate. The publisher shall continue to share in the proceeds from the sale or other disposition of any subsidiary rights which have already been granted. The work shall be considered in print if it is on sale by the publisher or under license granted by the publisher, or if any contract or option for its publication, granted by the publisher, is outstanding.

### XII) Parties Bound

This Publishing Agreement shall be binding upon the heirs, executors, administrators and assigns of the author and upon the successors and assigns of the publisher.

### XIII) Applicable Law

This Publishing Agreement shall be governed by and interpreted in accordance with the laws of the State of Louisiana regardless of the place of its execution.

In witness whereof the parties hereto have executed this Publishing Agreement as of the day, month and year first above written.

University Press of the South, Inc.

Dr. AGOSTINO VON HASSELL            Dr. ALAIN SAINT-SAËNS

*[signature]*                        *[signature]*

Author                               Publisher

Index No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTIAN AUGUSTIN VON HASSELL a/k/a
AGOSTINO VON HASSELL,

                                Plaintiff,

    - against -

ALAIN SAINT-SAENS and UNIVERSITY
PRESS OF THE SOUTH, INC.,

                              Defendants.

---

                 FIRST AMENDED COMPLAINT

---

                                    **LAW OFFICES OF DONALD WATNICK**
                                    **ATTORNEYS FOR PLAINTIFF**
                                    **292 MADISON AVENUE**
                                    **17TH FLOOR**
                                    **NEW YORK, NEW YORK 10017**
                                    Office: (212) 213-6886
                                    Facsimile: (212) 972-2245