BINGHAM

**MEMO ENDORSED**

RECEIVED
JUL 20 2007
JUDGE KAPLAN'S CHAMBERS

Edward F. Maluf
Direct Phone: (212) 705-7987
Direct Fax:    (212) 752-5378
edward.maluf@bingham.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/07

July 19, 2007

**Via Overnight Delivery**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Re:  Christian Augustin von Hassell a/k/a/ Agostino von Hassell v. Alain Saint-Saëns and University Press of the South, Inc., 07 Civ. 3477 (LAK)**

Dear Judge Kaplan:

We are of counsel to the Law Offices of Donald Watnick and represent the plaintiff. We write over a matter of grave concern that requires immediate Court attention. Thus, through this letter, we are requesting a pre-motion conference to address an application that we propose to make to the Court, including for injunctive relief, in order to avoid continued irreparable harm to plaintiff.

As your Honor is aware, plaintiff has brought this action asserting that defendants are not living up to their part of a bargain to properly market, distribute and sell plaintiff's book, *Military High Life: Elegant Food Histories and Recipes*. Specifically, the complaint alleges a series of malfeasant acts by the defendants, who have shown no desire to exploit this work in accordance with their contractual and other legal obligations to do so. As a result, the extraordinary efforts put into this book by the plaintiff are languishing, as is the book itself. (A copy of the Amended Complaint is annexed hereto.)

Now, as a result of recent and direct communications between the plaintiff and the defendants, it appears that the defendants have confirmed our deepest concerns about their breaching conduct, are making threats to get plaintiff to discontinue this legal action and to release defendants from their obligations, and are threatening to take unilateral action that could irreparably destroy any commercial

Boston
Hartford
Hong Kong
London
Los Angeles

Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

212.705.7000
212.752.5378
bingham.com

The Honorable Lewis A. Kaplan
July 19, 2007
Page 2

value in plaintiff's book. In several email communications, defendants have admitted that they have refrained from completing sales and otherwise distributing plaintiff's book to various booksellers, including Barnes & Noble. Defendants have also stated that if plaintiff does not withdraw this lawsuit and release defendants, then it will "immediately" attempt to assign their rights in the work to an un-named foreign publishing company and/or sell inventory of plaintiff's book to an un-named wholesaler. If defendants are not stopped from taking these threatened actions, which we submit violate their legal obligations and give rise to other claims, there will be irreparable — and irreversible — harm to plaintiff and to the commercial value of the work.

As a result, it is now apparent that some departure from the *status quo* is required to prevent immeasurable future damage. Specifically, the only reasonable interim solution is for the Court to (i) immediately enjoin defendants from taking their threatened actions, and (ii) render the published work in the possession, custody and control of the plaintiff, who will see to its proper marketing, distribution and sale. Thereafter, while possession of the book is temporarily held by the plaintiff, the parties can continue this litigation for damages, including an award to plaintiff for defendants' past failures to perform, which would be offset, as appropriate, by the corporate defendant's percentage share of the sales that will have occurred. This result is far preferable to a Court mandate that defendants undertake such an effort because such an arrangement is likely to yield unsatisfactory results that will bring the parties before your Honor, perhaps on repeated occasions.

Thus, we respectfully request that your Honor schedule a pre-motion conference as soon as practicable so that all parties may discuss with the Court the merits and calendar of such a motion.

We should note that plaintiff has had a difficult time effecting service on the defendants. At every turn, the defendants were nowhere to be found, and even returned, unopened, requests for waiver of service. The defendants' counsel repeatedly refused to accept service, and in fact preferred to deliver intemperate and taunting emails that resolved nothing. However, after several Herculean efforts, both the corporate and individual defendants recently have been served. Consequently, because defendants have not yet appeared, we are transmitting a copy of this letter to defendants' counsel.

Respectfully,

Edward F. Maluf /efg
Edward F. Maluf

*The Court will deal with any motions the parties do file in due course.*
SO ORDERED
LEWIS A. KAPLAN, USDJ 7/7/07

The Honorable Lewis A. Kaplan
July 19, 2007
Page 3

cc:   Nancy J. Marshall, Esq.  (Via Electronic Mail and Overnight Delivery)
      Alain Saint-Saëns  (Via Electronic Mail and Overnight Delivery)
      University Press of the South, Inc.  (Via Electronic Mail and Overnight Delivery)
      Donald E. Watnick, Esq.  (Via Electronic Mail)

A/72098938.1/3006406-0000325649