Donald E. Watnick (DW 6019)
LAW OFFICES OF DONALD WATNICK
292 Madison Avenue, 17th Floor
New York, New York 10017
(212) 213-6886
*Attorneys for Plaintiff*
*Christian Augustin von Hassell*
*a/k/a Agostino von Hassell*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTIAN AUGUSTIN VON HASSELL a/k/a   :
AGOSTINO VON HASSELL,                                          :     07 Civ. 3477 (LAK)
                                                               :
             Plaintiff,                                        :
     - against -                                               :
                                                               :     <u>DECLARATION</u>
ALAIN SAINT-SAËNS and UNIVERSITY                               :
PRESS OF THE SOUTH, INC.,                                      :
                                                               :
             Defendants.                                       :
                                                               :
-------------------------------------------------------------- X

    I, DONALD E. WATNICK, an attorney duly admitted to practice law in the State of New York and this Court, hereby declare, under the penalty of perjury under the laws of the United States of America, that the following statements are true and correct:

    1.    I am attorney of record in the above-entitled case for Plaintiff CHRISTIAN AUGUSTIN VON HASSELL a/k/a AGOSTINO VON HASSELL, and am fully familiar with the facts set forth herein. I make this Declaration in support of Plaintiff's application, pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b) of this Court, for a default judgment against defendant Alain Saint-Saens ("Saint-Saens") and a hearing in which to assess damages against Saint-Saens.

    2.    In this action, Plaintiff seeks damages and related relief against defendants Saint-Saens and University Press of the South, Inc. ("UNPS") arising from a a book publishing

agreement (the "Publishing Agreement") between Plaintiff, as author, and Defendants, as publisher, with respect to Plaintiff's book, <u>Military High Life: Elegant Food, Histories and Recipes</u> (the "Book"). As set forth in Amended Complaint, Defendants have failed to meet their contractual and other obligations to promote, market and sell the Book, and have thereby caused Plaintiff damages in excess of $350,000, plus additional damages for loss of reputation and attorneys' fees and costs. (A copy of the Amended Complaint herein, to which defendant Saint-Saens has not responded, is annexed hereto as Exhibit A.)

3.  Jurisdiction of the subject matter of this action is pursuant to 28 U.S.C. Section 1332(a) because Plaintiff and Defendants are domiciled in different states and the amount in controversy exceeds $75,000.

4.  This action was commenced on May 1, 2007 by the filing of the Summons and Complaint. Thereafter, pursuant to an order of this Court, Plaintiff filed an Amended Complaint on May 30, 2007.

5.  Service was made upon Defendant Saint-Saens in accordance with Fed. R. Civ. P. Fed. R. Civ. 4(e), which provides for service pursuant to the state laws where the District Court is located (New York) and thereby incorporates the rules for service in N.Y.C.P.L.R. 313 and 308.

6.  In accordance with N.Y.C.P.L.R. 308(4), after making numerous attempts to deliver the Summons and Complaint to Defendant Saint-Saens personally pursuant to N.Y.C.P.L.R. 308(1) and/or to a person of suitable age and discretion pursuant to N.Y.C.P.L.R. 308(2), service was made upon Defendant Saint-Saens by affixing a copy of the Summons and Complaint to his actual place of business and dwelling place or usual place of abode on July 16, 2007, and mailing a copy of the Summons and Complaint to his residence and actual place of business on July 30, 2007. (A copy of the Affidavit of Service is annexed hereto as Exhibit B.)

7. Fed. R. Civ. P. 12 provides that a defendant shall answer or move against a Complaint within 20 days of its service. Defendant Saint-Saens has failed to appear or otherwise defend this action, and more than 20 days have elapsed since the date of service of the Summons and Amended Complaint upon Defendant Saint-Saens.

8. Defendant Saint-Saens has never indicated any intention to appear and defend this action. Defendant Saint-Saens returned a request for waiver of service of process without opening the package in which it was transmitted. My co-counsel and I have communicated repeatedly about the Publishing Agreement with an attorney identified as counsel for Defendant Saint-Saens, Nancy Marshall of Deutsch, Kerrigan & Stiles, LLP, in New Orleans, La.; but, she has not stated to me that she intended to appear and defend this action on behalf of Defendant Saint-Saens, or requested additional time in which to answer the complaint herein.

9. Therefore, Plaintiff is entitled to a default judgment, pursuant to Fed. R. Civ. P. 55, which provides for a default judgment when a party against who judgment is sought "has failed to plead or otherwise defend as provided by these rules."

10. On September 5, 2007, pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55.1 of this Court, the Clerk of this Court entered a Certificate of Default, which is annexed to the accompanying Notice of Motion (and the original of which is included with the courtesy copy of the Notice of Motion provided to the Court).

11. Defendant Saint-Saens is not an infant, and is not known to be or an incompetent person, and the U.S. Department of Defense, as set forth in the annexed Exhibit C, has verified that he is not a active member of the military service.

12. Inasmuch as the amount of damages is not liquidated, in accordance with Fed. R. Civ. P. 55(a)(2) and Local Rule 55.2, I request a hearing to assess the amount of damages

sustained by Plaintiff and other relief to be ordered.

13. On August 13, 2007, Plaintiff filed a motion for a default judgment against defendant UNPS. By order dated September 5, 2007, the Court granted that motion and directed that an inquest be held before a magistrate judge. (A copy of that order is annexed as Exhibit D.)

14. No prior application for the relief requested herein has been made.

WHEREFORE, on behalf of Plaintiff CHRISTIAN AUGUSTIN VON HASSELL a/k/a AGOSTINO VON HASSELL, I respectfully request that this Court enter a Default Judgment against Defendant Alain Saint-Saens, and set an immediate hearing to determine damages and other relief against Defendant Alain Saint-Saens.

Executed On: September 6, 2007

/s/Donald E. Watnick
Donald E. Watnick (DW 6019)