Donald E. Watnick (DW 6019)
LAW OFFICES OF DONALD WATNICK
292 Madison Avenue, 17th Floor
New York, New York 10017
(212) 213-6886
*Attorneys for Plaintiff*
*Christian Augustin von Hassell*
*a/k/a Agostino von Hassell*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHRISTIAN AUGUSTIN VON HASSELL a/k/a     :
AGOSTINO VON HASSELL,                    :         07 Civ. 3477 (LAK)
                                         :
                Plaintiff,               :
    - against -                          :
                                         :
ALAIN SAINT-SAËNS and UNIVERSITY         :
PRESS OF THE SOUTH, INC.,                :
                                         :
                Defendants.              :
                                         :
--------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION OF MAGISTRATE FRANK MAAS

### PRELIMINARY STATEMENT

Plaintiff, Agostino von Hassell ("von Hassell" or "Plaintiff"), by his undersigned attorneys, hereby submits this memorandum of law in support of his limited Objection to the Report and Recommendation of Magistrate Frank Maas, pursuant to Fed. R. Civ. P. 72(b)(2), solely to the extent that it does not provide for an award of damages and attorneys' fees against the individual defendant, Alain Saint-Saens, in accordance with applicable Louisiana law.

This action arises out of claims of beach of contract and fraud and related claims in connection with an agreement whereby defendant University Press of the South, Inc. ("UNPS") undertook to to publish and distribute Plaintiff's book, <u>Military Highlife: Elegant Food, Histories</u>

1

and Recipes (the "Book").  Defendant Alain Saint-Saens ("Saint-Saens") is the President of UNPS.  In the Report and Recommendation dated August 25, 2008 and filed on August 26, 2008 (the "Report"), Magistrate Maas recommended that a judgment be entered against defendant UNPS in the amount of $131,933.07, plus costs in the amount of $350 and prejudgment interest, based upon Plaintiff's claims of breach of contract and fraud.  Plaintiff has no objection to the foregoing recommendation in the Report.  In fact, Plaintiff has no objection to any part of the Report, except to the extent that it seems inadvertently not to extend a finding of judgment as against defendant Saint-Saens.  Accordingly, by this Objection, Plaintiff requests that the finding of judgment be extended to apply to Saint-Saens.

The Report found that Plaintiff established his fraud claim alleged against both Defendants, and that UNPS was entitled to attorneys' fees based upon the fraud claim in accordance with Louisiana law.  No specific amount was awarded to UNPS on the fraud claim because the Report found such damages were subsumed within the breach of contract damages awarded to UNPS.  The Report did not recommend that Saint-Saens be liable for any damages or attorneys' fees.

Plaintiff should receive an award of damages and statutory attorneys' fees, pursuant to Louisiana law, against Saint-Saens on Plaintiff's fraud claim for three essential reasons.  First, where, as here, there is a finding that a fraud claim has been established against Saint-Saens, Saint-Saens should be liable to Plaintiff for damages on such claim.  Second, an award of damages against Saint-Saens on the asserted fraud claim is expressly provided for by Louisiana law, pursuant to which that a party that has committed fraud is liable for damages and attorneys' fees.  Third, Louisiana law expressly provides that an officer of a corporation who commits fraud through the corporation is personally liable.

## FACTS

As set forth in the Report (which is annexed as Exh. A to the Declaration of Donald E. Watnick ("Watnick Dec." submitted herewith), in this action, Plaintiff alleges that UNPS and its president, Saint-Saens, fraudulently induced him to enter a publishing agreement (the "Publishing Agreement") for the publication and distribution of <u>Military Highlife: Elegant Food, Histories and Recipes</u> (the "Book"), and breached contractual and other obligations arising from the Agreement.  The Book is a photo book about food in the military.  It was published after years of work and hundreds of thousands of dollars of personal investment by Plaintiff.  As alleged in the First Amended Complaint, defendants undertook virtually no efforts to sell, promote or market the book.  (A copy of the First Amended Complaint (the "Complaint") is annexed as Exh. B to the Watnick Dec.; a copy of the Publishing Agreement is annexed as Exh. A to the Complaint.)

Plaintiff filed and properly served a Complaint alleging such claims.  Neither defendant answered nor otherwise appeared in response to the Complaint.  On September 5, 2007, this Court granted von Hassell's motion for default judgment against defendant UNPS.  (Docket No. 9.)  On January 3, 2008, this Court granted von Hassell's motion for a default judgment against Saint-Saens.  (Docket Nos. 12-13.)  In accordance with Magistrate Maas' scheduling orders (<u>see</u> Docket. Nos. 14-15), Plaintiff served and filed inquest papers setting forth the basis for his claims and damages as to both defendants.[1]  Defendants never submitted any opposition papers or otherwise contacted the Court.  (Report at 2.)

---

[1] The inquest papers consisted of an Affidavit of Plaintiff von Hassell (the "von Hassell Aff." which is Docket No. 20), an Affidavit of plaintiff's damages expert, Alexander Hoyt (the "Hoyt Aff." which is Docket No. 21), a Declaration of Donald E. Watnick, Esq. (the "First Watnick Dec." which is Docket No. 22) and a Memorandum of Law ("Plaintiff's Memo of Law" which is Docket No. 23), with annexed exhibits.

3

Based upon Plaintiff's inquest papers, Magistrate Maas issued the Report, and ruled that Plaintiff established a breach of contract claim against UNPS and recommended an award of damages in the amount of $131,933.07. Magistrate Maas also ruled that, applying Louisiana law, Plaintiff established a claim of fraud, and that, as a result, Plaintiff was entitled to recover "damages and attorney fees." (Watnick Dec., Exh. A (Report) at 13) (citations omitted).) With respect to damages, Magistrate Maas then stated that Plaintiff was entitled to recover attorneys' fees against UNPS in the amount of $14,420.50; however, because those attorneys' fees were subsumed within the damage recommendation against UNPS on the breach of contract claim, Magistrate Maas did not recommend awarding any damages for fraud or attorneys' fees against either defendant.

Significantly, Magistrate Maas also recognized (Report at 13) that the basis for the fraud claim was Plaintiff's allegations against both Defendants that:

> Defendants made material misrepresentations to von Hassell regarding, among other things, UNPS's ability to promote and distribute [the Book] and accept ship orders. (Compl., ¶¶ 21, 23, 26, 49-51). It is further clear that the Defendants made these misrepresentations with the intent that von Hassell rely on them, and that he would not have executed the Agreement had he known the truth. (Id. ¶¶ 53-55.) Finally, as a result of his entry into the Agreement, von Hassell unquestionably lost money. He thus has established his fraud claim.

Magistrate Maas' recommendations on the fraud claim are consistent with Plaintiff's allegations in the Complaint in ¶¶ 21 to 26 and 48 to 57.

## STANDARD OF REVIEW

Where, as here, a reference is made to a Magistrate Judge for a report and recommendation, "[a] district court evaluating a Magistrate Judge's report may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly

4

erroneous." Celestine v. Cold Crest Care Center, 495 F. Supp.2d 428, 431 (S.D.N.Y. 2007) (citations omitted). Where a party makes a specific objection, the district court "'is required to make a de novo determination regarding those parts of the report.'"  Id. (citations omitted).  See also Romero v. Senkowski, 950 F. Supp. 573, 577 (S.D.N.Y. 1996) ("Under Fed.R.Civ.P. 72(b), a district judge may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 149, 106 S.Ct. 466, 471-72, 88 L.Ed.2d 435 (1985). The court is required to make *de novo* determinations regarding those parts of the report to which any party objects, but a *de novo* hearing is not required.")

Plaintiff does not object to the Report to the extent that it recommends a judgment against Defendant UNPS for $131,933.07, plus prejudgment interest and costs.  As the legal and factual conclusions set forth in support of that recommendation are not clearly erroneous, the Report's recommendations as to a judgment against UNPS should be fully adopted.

As to the limited objection that a judgment also should be entered against defendant Saint-Saens on the fraud claim, under the foregoing authorities this Court should review *de novo* the Report's omission of a recommendation for such a judgment against Saint-Saens.

## **ARGUMENT**

Where, as here, the Report found that Plaintiff stated a claim against Saint-Saens for fraud, Plaintiff is entitled to a separate damage and attorneys' fee award against Saint-Saens because Louisiana law expressly provides that damages and attorneys' fees should be awarded where a contract is procured by fraud, and because both parties should be liable for their fraudulent acts.  The fact that Saint-Saens was the president of the corporate defendant, UNPS, does not preclude him from being personally liable for such damages and attorneys' fees.

5

Indeed, under Louisiana law, an officer or director of a corporation is subject to liability where, as here, he fraudulently deceives a third party through the corporation.

As set forth in the Report, Plaintiff properly pleaded a claim of fraud based upon his allegations that Defendants made material misrepresentations about UNPS' ability to promote and distribute the Book, and to accept and ship orders. (Watnick Dec., Exh. A (the Report) at 13.)[2] Based upon these findings of fraud, the Report addresses the amount of attorneys' fees for which UNPS is liable, but overlooks both the amount of damages and attorneys' fees for which Saint-Saens is liable. This omission should be corrected and the judgment in this case should include damages against Saint-Saens on the fraud claim in accordance with Louisiana law.

To begin with, an award of damages against Saint-Saens here is called for by Louisiana law. As set forth in the Report, when a "contract is procured by fraud, Louisiana law affords the party against whom rescission is granted the right to recover 'damages and attorney fees.'" (Report at 13, annexed as Exh. A to the Watnick Dec., citing La. Civ. Code Art. 1958.) While, as the Report recognized, the amount of the award of "attorneys' fees" rests in the discretion of the Court, the independent award of "damages" does not similarly rest in the discretion of the Court. Article 1958, the operative statute, states that a party committing fraud is liable for damages and attorneys' fees, not damages or attorneys' fees. In Hickman v. Bates, 889 So.2d 1249, 1255-56 (La. Ct. App. 2004), one of the cases cited in the Report, the Court held that a party found to have committed fraud is liable for damages and attorneys' fees. The Court further stated that the trial court is "given great discretion in fixing the amount of attorney fees," but did not state that the independent entitlement to "damages" rests in the discretion of the Court. Id.

---

[2] As recognized in the Report (page 13) and by Louisiana courts, "[f]raud exists if it can be shown that material misrepresentations have been made by one party designed to deceive another, and to obtain some unfair advantage or to cause loss or inconvenience to the other." Altex Ready-Mixed C. Corp. v. Employers Com'l Union Ins. Co., 308 So. 2d 889, 892 (La. App. 1975). The Complaint establishes these elements of fraud, as found in the Report.

6

Notably, in reversing a trial court decision denying plaintiff the recovery of attorneys' fees on a claim for fraud, the Court ruled that the court below had "erroneously abolished the remedy of attorneys fees rightfully afforded [plaintiff] under the Civil Code." Id. at 1256.

Here, having found that Plaintiff stated a cause of action for fraud but not having made any damage award as to Saint-Saens, the Report denies Plaintiff the entitlement to statutory damages against Saint-Saens under Article 1958. Such a result runs afoul of the holding in Hickman, which provided that a damages award that did not include both "damages" and "attorneys' fees" in accordance with Article 1958 "abolished" the remedy provided for under Louisiana law. Accordingly, where, as here, Plaintiff's well pleaded allegations establish a claim for fraud against Saint-Saens, and defendant has defaulted in responding to such claim, thereby establishing liability for Plaintiff's fraud claim, Plaintiff should be awarded "damages" against Saint-Saens as provided for under Louisiana law.

In addition to not holding Saint-Saens liable for damages, the Report does not recommend that Saint-Saens be liable for attorneys' fees (along with UNPS). However, it is well settled that defendants should be jointly liable for their wrongful acts. The rule in Louisiana is that on a fraud claim a plaintiff is entitled to a judgment against each joint tortfeasor for the amount of damages. In American Cyanamid Co. v. Electrical Industries, Inc., 630 F.2d 1123, 1127 (5th Cir. 1980), the U.S. Court of Appeals for the Fifth Circuit held that "[u]nder article 2324 of the Louisiana Civil Code, one who assists or encourages another in the commission of an unlawful act is answerable in solido with that person for the damage thereby caused." The Court then ruled that both defendants were jointly and severally responsible for fraudulent acts they participated in. Id. Here, the Complaint alleged that Saint-Saens and UNPS jointly participated in the fraudulent acts that the Report recognized gave rise to a legally valid claim.

7

As such, both defendants should be responsible "in solido" for the awarded attorneys' fees and damages on the fraud claim. Thus, Saint-Saens should be liable for the amount of attorneys' fees ($14,420.50) that the Report found that UNPS was liable for on Plaintiff's fraud claim (Report at 14).

Finally, there is no ground here for not awarding a judgment on the fraud claim because Saint-Saens happened to be the President of UNPS. As a matter of Louisiana law, a corporate officer is liable, personally, for fraud committed through the corporation, and cannot avoid liability by virtue of having committed the fraudulent acts as an agent of the corporation. Helwick v. Montgomery Ventures Ltd., 665 So.2d 1303, 1307 (La. App. Cir. 1995). This exception is codified in La. Stat. Ann. §12:95, which provides that:

> Nothing in this Chapter shall be construed as in derogation of any rights which any person may by law have against a promoter, subscriber, shareholder, director or officer, or the corporation, because of any fraud practiced upon him by any of such person or the corporation . . .

Louisiana courts have consistently held that La. Stat. Ann. §12:95 establishes that corporate shareholders, directors or officers may be individually liable for frauds committed through a corporation. Directly on point is Tubos de Acero de Mexico, S.A. v. American Intern. Inv., 292 F.3d 471, 478-79 (5th Cir. 2002), in which the Fifth Circuit applied La. Stat. Ann. §12:95 and held that Louisiana specifically preserves by statute "'any rights which any person may by law have against a ... director or officer [of a corporation] because of any fraud practiced upon him by any of such persons.'" (quoting La. Stat. Ann. §12:95). The Court further stated that "[c]ontrary to the district court's conclusion, an action seeking to hold a corporate officer or director personally liable for fraud is separate from and does not require disregard of the corporate entity under the alter ego doctrine." Id. at 479.

8

Likewise, in <u>Altex Ready-Mixed C. Corp.</u>, 308 So.2d at 891-92, the Louisiana Court of Appeal held that a corporate officer was personally liable for misrepresenting the validity of checks tendered to plaintiffs on behalf of the corporation. The Court recognized that under La. Stat. Ann. §12:95 "officers, directors and shareholders of a corporation can become personally liable to those who suffer loss because of fraudulent misrepresentations made by the officers, directors or shareholders on behalf of the corporation." <u>Id.</u> at 892.

Here, too, under the foregoing authorities, Saint-Saens status as the President of UNPS does not insulate him from being held personally liable for his fraudulent acts as to Plaintiff, and, in fact, is expressly contemplated by Louisiana law.

In view of the foregoing, under Louisiana law, Saint-Saens should be liable for damages and attorneys' fees, in accordance with La. Civ. Code Article 1958, based upon Plaintiff's fraud claim. Turning to the measure of damages for fraud, under Louisiana law, the damages available on a claim of fraud are pecuniary and non-pecuniary damages resulting from reliance on the fraudulent representations as issue**.** <u>Coates v. Anco Insulations, Inc.</u>,786 So.2d 749, 757 (La. App. Ct. 2001); <u>see</u> <u>also</u> <u>Connell v. Davis</u>, 940 So.2d 195 (La. App. Cir. 2006) (awarding general damages resulting from fraud on buyer of home with respect to nonexistence of termites; <u>Newport Ltd. v. Sears, Roebuck & Co.</u>, 1995 WL 688799, *10 (E.D. La. 1995) (recognizing that a plaintiff in an action for fraud may recover damages, both direct and consequential, in addition to rescission of the contract); <u>Walle Corp. v. Rockwell Graphics Systems, Inc</u>**.,** 1992 WL 245963, * 4 (E.D. La. 1992) (awarding pecuniary damages for claim of fraud).

Accordingly, Plaintiff should be granted a judgment for damages against Saint-Saens, consistent with the damages to be awarded against UNPS, for the out-of-pocket expenses Plaintiff would not have incurred if not for the fraud ($61,933.07), expenses Plaintiff incurred

9

after signing the Publishing Agreement ($5,000), and lost profits that he would have received if not for the fraud ($65,000), plus interest and costs in the amounts provided for on the breach of contract claim in the Report. (Report at 8-10.) In addition to this amount, Plaintiff also should be granted a judgment against Saint-Saens for the same amount of attorneys' fees that the Report recommended that UNPS be liable for on Plaintiff's fraud claim, or $14,420.50 (which is included in the $61,933.07 in out-of-pocket expenses referred to above). (Id. at 14.) These amounts total (excluding costs and interest) $131,933.07.

## CONCLUSION

For all of the reasons set forth herein, the Report and Recommendation of Magistrate Frank Maas should be adopted, and plaintiff Christian Augustin von Hassell a/k/a Agostino von Hassell's limited objection that a judgment also should be entered against defendant Alain Saint-Saens should be granted, and the Court should order a judgment be entered against both defendants in the amount of $131,933.07, plus costs of $350, and prejudgment interest on this amount at the rate of 9.5 percent per annum from May 1, 2007 to December 31, 2007, and at the rate of 8.5 percent per annum from January 1, 2008 to the date of entry of judgment, along with such other relief that this Court deems just and proper.

Dated: New York, New York
September 12, 2008

      LAW OFFICES OF DONALD WATNICK

      By: _____/s/ Donald E. Watnick___
          Donald E. Watnick (DW 6019)
      292 Madison Avenue, 17th Floor
      New York, New York 10017
      (212) 213-6886
      *Attorneys for Plaintiff Christian Augustin von*
      *Hassell a/k/a Agostino von Hassell*